IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JORGE ELIECER GONZALEZ-OCHOA,<br><br>Defendant. | Criminal No. 3:25-cr-080<br><br>GOVERNMENT'S BRIEF IN SUPPORT OF APPEAL OF ORDER DENYING MOTION FOR DETENTION |

TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................……… 2

II. FACTS ............................................................................……………………… 3

III. LEGAL STANDARD ............................................................................…… 4

IV. ARGUMENT ............................................................................………………… 7

    1. **The government has met the threshold inquiry of showing that defendant's case involves a serious risk of flight** ……………………….. 7

    2. **The evidence supports that there are no condition or combination of conditions that would reasonably assure defendant's appearance, by a preponderance of the evidence** ……………………. 8

        a. *The nature and circumstances of the offense indicate a use of a false identity and deceit* …………………………………………………….. 10

        b. *The weight of the evidence against defendant is strong and weighs in favor of detention* …………………………………………………... 11

        c. *The history and characteristics of the defendant weigh in favor of detention* ……………………………………………………………….. 11

    3. **The government has met the factors under *Nken* for the Court to grant the government's stay motion pending appeal** ……………….. 12

V. CONCLUSION ............................................................................…………… 15

1

I. **INTRODUCTION**

Defendant was charged by Indictment with Fraud and Misue of Documents, in violation of Title 18, United States Code, Section 1546(a); Use of Immigration Identification Document Not Lawfully Issued, in violation of Title 18, United States Code, Sections 1546(b)(1) and 1546(b)(2); and False Representation of Social Security Number, in violation of Title 42, United States Code, Section 408(a)(7)(B). (R. Doc. 2.)

On October 15, 2025, defendant had an initial appearance on his indicted charges where the government requested detention under 18 U.S.C. § 3142(f)(2)(A), proffering that defendant was a Colombian citizen, ran from police, resisted arrest after recognizing the Immigration and Customs Enforcement (ICE) officers, did not reside at the address he provided to ICE during his pre-immigration hearing release, worked despite not being authorized to do so, and provided two fraudulent documents in his efforts to work.

On October 20, 2025, the Chief U.S. Magistrate Judge, Stephen B. Jackson, Jr., held a detention hearing. (R. Doc. 18.) During the hearing, the government proffered information from Officer Jess Leibold, with Immigration and Customs Enforcement (ICE), regarding the details of the case. The government also confirmed that the defendant had an ICE detainer, so if he was released, he would go to ICE custody. Defendant offered a release plan with his mother-in-law as his third-party custodian. The United States Probation Office recommended detention, and the government argued that the defendant's proposed release plan was not sufficient to

ensure defendant's appearance at future court proceedings. The evidence established, by a preponderance of the evidence, the defendant presents a serious risk of flight.

On December 3, 2025, Judge Jackson entered an order denying the government's request for detention. (R. Doc. 24.) On December 5, 2025, the government filed a motion to stay the order of release, pending an appeal of that decision. (R. Doc. 27). That same day, Judge Jackson granted that motion. (R. Doc. 29.) On December 8, 2025, defendant filed a motion for reconsideration of the stay order. (R. Doc. 30.)

## II. FACTS

At the initial appearance, the government proffered that defendant is a serious risk of flight because he is a Colombian citizen; ran from and resisted arrest from ICE officers, after recognizing the ICE officers from prior meetings; did not reside at the address he provided to ICE during his pre-immigration hearing release; worked, despite not being authorized to do so; and provided two fraudulent identification cards to his employer—misrepresenting his identity and his immigration status. (Detention Hearing Transcript ("Trans."), p. 5-6.)

At the detention hearing, the government proffered information including that defendant is a Colombian citizen who entered the United States illegally. (*Id.* at 6.) The government further proffered that at the time of defendant's arrest by ICE officers, he was on release pending removal hearings and was equipped with a GPS monitor as part of that release. (*Id.* at 6-7.) The government also proffered that defendant provided a different address to ICE officer than what his GPS monitor

indicated he was residing. (*Id.*) Furthermore, the government proffered that defendant did not request or receive authorization to work, but he was working under a false identity. (*Id.* at 7) Additionally, the government proffered that defendant had provided a fraudulent social security and permanent resident card to his place of employment, which falsely represented his name and immigration status, in order to get a job there. (*Id.*)

The government proffered that on September 26, 2025, due to defendant's noncompliance with his release pending his immigration hearings, ICE officers went to defendant's place of work. (*Id.*) The government proffered that when defendant saw the ICE officers, he ran and resisted arrest, and after he was arrested, he informed the ICE officers that he ran because he recognized at least one office from his check-ins on his release pending removal hearings. (*Id.* at 7-8.) The government also confirmed that the defendant had an ICE detainer, so if he was released, he would go to ICE custody. (*Id.* at 14-15.)

The defendant offered his significant other's mother, Eva Sandith Castro Fuentes, as his third-party custodian, but Ms. Castro Fuentes did not appear at the detention hearing to assert her qualifications as a third-party custodian, or her willingness to act as such. (*Id.* at 25.)

### III.   LEGAL STANDARD

Under Title 18, United States Code, Section 3142(f)(2)(A), the government can seek detention upon motion when the case involves a serious risk that such person will flee. In order to meet this threshold inquiry, "the government has to show the

case 'involves' one of the circumstances defined in § 3142(f)(1) or (2)" by a preponderance of the evidence. *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023); *see also*, *United States v. Villatoro-Ventura*, 330 F. Supp. 3d 1118 (N.D. Iowa 2018). The magistrate may then conduct a hearing to determine if "there are conditions of release that will reasonable assure Defendant's appearance." *Id.* (*citing*, *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)). "Not surprisingly, other courts have found a defendant's previous abscondment highly relevant in assessing risk of flight." *Cook*, 87 F.4th at 925; *see also*, *United States v. Anderson*, 177 F. Supp. 3d 458, 466 (D.D.C. 2016).

A serious risk of flight has been analyzed to mean "that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision." *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1138 (D. Idaho 2023)

Under Title 18, United States Code, Section 3145(a), the government can seek review of a magistrate's release order to the assigned district court judge. A motion seeking review of a magistrate's release order must be determined promptly. 18 U.S.C. § 3145(c). The district court judge conducts a de novo review of the magistrate judge's order. *United States v. Maull*, 773 F.2d 1479, 1481-82 (8th Cir. 1985). The district court decides both the facts and the propriety of detention anew without deference to the magistrate judge's findings. *United States v. Koenig,* 912 F.2d 1190, 1192 (9th Cir. 1990); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987). The district court makes the same inquires as the magistrate judge regarding the

defendant's risk of non-appearance and danger to the community. *Id*. at 1482. "[R]isk of flight is sufficient to authorize detention." *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). The government bears the burden of showing risk of non-appearance by a preponderance of the evidence. *Cook*, 87 F.4th at 925.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., compels the court to detain criminal defendants prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Eighth Circuit has held that the standard for determining whether the government has met its burden to show the defendant poses a risk of non-appearance is by a preponderance of the evidence. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The factors that the court must consider in making the determination on whether detention is appropriate are laid out in Title 18, United States Code, Section 3142(g). The Section 3142(g) factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a . . . firearm . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, communities ties, past conduct, history relating to drug or alcohol use, criminal history, and record concerning appearance at court proceedings; and

>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## IV.   ARGUMENT

Based on the proffered information at the initial appearance that demonstrated there was a serious risk of flight, the government sought detention under § 3142(f)(2)(A). The government then provided proffered evidence at the detention hearing, which showed, by a preponderance of the evidence, that there were no conditions that would reasonably assure the defendant's appearance if he was not detailed.

### 1. The government has met the threshold burden of showing that defendant's case involves a serious risk of flight.

In order to meet the threshold inquiry of requesting a detention hearing, the government must show the case involves a serious risk of flight, by a preponderance of the evidence. The facts that the government proffered at established that defendant posed a serious risk of flight. The proffered information at the initial appearance established that defendant was attempting to conceal his identity by providing two fraudulent documents with a false name on them to his employer. (Trans. p. 7.). Furthermore, the government proffered that Defendant, a citizen of Colombia, had not been complying with his pre-removal hearing release because he was working when not authorized to do so, committed new federal offenses by

7

providing fraudulent documents and misrepresenting his identity and immigration status to do so, and was not residing at the address he provided to ICE. (*Id.* at 6-7.) Additionally, the government proffered that when he was confronted by ICE officers at his work, he admitted that he recognized at least one of them from prior ICE meetings and then ran from the officers and resisted arrest. (*Id.* at 7-8.)

This information clearly establishes that defendant poses a serious risk of flight, by a preponderance of the evidence. Not only did he not follow the rules of his pre-removal hearing release, but he used fake documents and misrepresented his immigration status and identity to deceive his employer and attempt to avoid detection. When defendant was caught by ICE officers, who he recognized, he immediately tried to run and resist arrest. Defendant's actions prior to and during his arrest show that he is not amenable to complying with the rules of release, and if caught, will try to flee and avoid arrest. The government established that defendant poses a serious risk of flight by a preponderance of the evidence, since he intentionally and actively ran from ICE agents (whom he admitted recognizing) and intentionally tried to conceal his identity while on release by working under a different name with false documentation. Therefore, a detention hearing was warranted.

### 2. The evidence supports that there are no condition or combination of conditions that would reasonably assure defendant's appearance, by a preponderance of the evidence.

At the detention heating, the court must then consider whether there is any condition or combination of conditions that would reasonably assure the appearance of the defendant. 18 U.S.C. § 3142(f).

Here, the evidence demonstrated are no conditions or combination of conditions that can reasonably assure the defendant's appearance at future court proceedings and the additional conditions placed upon the defendant by the magistrate judge do not suffice. The conditions the magistrate ordered include: not committing any new violations of law (which the should have already been avoiding while under pre-removal release); he is to report a change in address prior to changing addresses (a condition that was already imposed and violated upon during his pre-removal hearing release); he is to maintain employment (however, he is not authorized to work in the United States); he is to surrender any passport to ICE (which, to the government's knowledge, he does not possess); he is to refrain from possessing a firearm; he is to refrain from any use of alcohol; he is not to unlawfully use or possess any controlled substances; and to submit to a GPS monitor (a condition that was already imposed upon during his pre-removal hearing release and which did not deter his use of a false identity and commission of federal offenses). (R. Doc. 25.) There are a few other "standard" conditions of release set; however, none of them mitigate, in any meaningful way, the risks of nonappearance posed by this defendant based on the defendant's history of already not following the rules of his release with those same sorts of conditions.

The District Court's review of this appeal is de novo, and the magistrate judge's findings are given no deference. The facts set out at the hearing established there is no condition or combination of conditions that would reasonably assure the

9

defendant's appearance at Court[1]. Additionally, the United States Probation Office recommended detention, because they also believe that there is no condition or combination of conditions that would assure defendant's appearance for court. (R. Doc. 17.)

The Court is directed to take into account available information under Section 3142(g), which include the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community. Those factors, when examined in their totality, taking defendant's history while on release pending his removal hearings and his actions during his arrest, demonstrate that there is no condition or combination of conditions to reasonably assure defendant's appearance.

> *a. The nature and circumstances of the offense indicate a use of a false identity and deceit.*

In this case, defendant is charged with three federal crimes that all relate to his use of fraudulent documents, with a fake name, while he was under supervision by ICE related to removal proceedings. The nature of these charges shows crimes of falsehood and deceit, and the defendant's willingness to break the law to avoid detection, even while under supervision by ICE. This factor points toward release.

---

[1] The magistrate judge found problematic that Officer Leibold did not know the specific address that defendant had provided to ICE officials upon his initial release, however, as was explained at the hearing, Officer Leibold was not the case agent. Officer Leiboldknew the important information, which is that defendant was not residing where he said he was. The magistrate judge did not explain how the specific street address defendant provided changes the impact or relevance of the fact that the defendant was not residing where he was supposed to be residing.

> b. *The weight of the evidence against defendant is strong and weighs in favor of detention.*

In this case, the weight of the evidence is strong. Defendant was found at his place of work when he was arrested. (Trans. p. 7.) Despite not requesting or being given authorization to work while on release, pending his removal hearings, defendant provided his employer with a fraudulent Permanent Resident card and a fraudulent Social Security card, both bearing the name "Elijah Rodriguez." (R. Doc. 2; Trans. p. 7.) Defendant, being present in the United States illegally, would have not had access to a Permanent Resident Card or Social Security Card. (Trans. p. 6-7.) Furthermore, since both documents do not have his true name, they were clearly knowingly possessed by defendant. Thus, the weight of the evidence against defendant is strong, which points to detention. (*Id.* at 7.)

> c. *The history and characteristics of the defendant weigh in favor of detention.*

While defendant's known history is limited to his brief time in the United States, his actions show that no combination of conditions would reasonably assure his appearance in court.

First, defendant is a Colombian citizen who was not authorized to enter the United States. (*Id.* 6.); *See United States v. Abad*, 350 F.3d 793, 799 (8th Cir. 2003) (citing lack of citizenship as a factor in the consideration of risk of flight).

Second, defendant did not comply with the rules of his release pending his removal hearing. (Trans. p. 6-7.) When he was released from ICE custody, he was given a GPS ankle monitor and was instructed to report the address he would be

residing at. (*Id.*) He did not request authorization to work during his release period. (*Id.* at 7.) Despite these conditions, the GPS monitor showed that defendant resided at a different residence than what he reported to ICE. and worked. (*Id.*) Despite his supervision, defendant committed new violations of federal law and used fraudulent documents and a fake name in order to avoid detection. (*Id.*)

Third, when ICE officers located defendant at his job, upon recognizing the officers, he immediately ran from them. (*Id.*) When ICE officers caught up to him, he resisted arrest. (*Id.*) Once arrested, defendant admitted that he recognized at least one of the ICE officers form his prior check in meetings during his pre-removal hearing release and explained that was why he ran away. (*Id.* at 7-8.) Defendant's history and characteristics demonstrate that defendant has not complied with the rules of release, he has used illegal means to avoid those rules and attempted to flee and resist arrest when caught. Additionally, given the ICE detainer, the defendant's immigration status is in a notably different position than when he was under immigration release, which he seems to recognize given his attempted flight from officers.

All of these factors combined indicate by a preponderance of the evidence that the defendant is a risk of non-appearance and there are no conditions or combination of conditions that can reasonably assure his appearance.

### 3. The government has met the factors under *Nken* for the Court to grant the government's stay motion pending appeal.

The Court exercising its discretion by granting the government's motion to stay defendant's release from detention pending appeal is "guided by sound legal

principles." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005). "[T]he issuance of a stay is left to the court's discretion," which is guided by "four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (*citing, Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

"In deciding whether the court should stay the grant or denial of a preliminary injunction pending appeal, the motions panel is predicting the likelihood of success of the appeal. That is, the motions panel is predicting rather than deciding what our merits panel will decide [. . .] Ultimately, we must consider the relative strength of the four factors, balancing them all." *Kansas v. United States*, 124 F.4th 529, 533 (8th Cir. 2024) (*citing, E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 656 (9th Cir. 2021); *also citing, Brakebill v. Jaeger*, 905 F.3d 553, 557 (8th Cir. 2018)).

First, as explained in the government's analysis above, the government is likely to succeed on the merits of this appeal because the evidence showed that there was a substantial risk of defendant's flight and that there were no conditions to reasonably assure defendant's appearance due to his lack of cooperation on pre-removal release, his use of a false identity, and defendant running from and resisting law enforcement. (Trans. p. 6-8.) That position is supported by USPO's position that there are no conditions or combination of conditions that would reasonably assure the defendant's appearance. (R. Doc. 17.)

Second, the government would be irreparably injured absent a stay order if defendant is released from both federal custody and ICE custody, and flees supervision, like he fled from officers on the day of his arrest. The government would need to find defendant, who has previously lived under a false identity. Furthermore, the government would be irreparably injured absent a stay order if defendant went into ICE custody, pending removal proceedings, which could result in defendant being removed from the United States or he could be released from custody, either of which, given the information above, would create a risk of the defendant not appearing for any future criminal court proceedings or be available to prosecute for the indicted charges.

Third, the issuance of the stay will not substantially injure defendant since the the stay order would not keep defendant from release in the community. Defendant currently has an ICE detainer, and therefore, he would still remain in custody until those proceedings are resolved, causing no substantial injury. (Trans. p. 14-15.)

Finally, the public has an interest in prosecuting those who commit crimes, including crimes of dishonesty and fraud. "The public has an interest in both the prompt resolution of civil cases as well as the fair prosecution of criminal cases." *Digital Equip. Corp. v. Currie Enters.*, 142 F.R.D. 8, 14 (D. Mass. 1991). Allowing defendant to avoid prosecution through going into ICE custody and potentially being removed or releasing from custody and fleeing (as he already attempted to do), instead of facing the charges he has been indicted on is not in the interest of justice.

Thus, the Court's issue of the stay order should remain in effect.

14

## V. CONCLUSION

The evidence supports the conclusion, by as preponderance of the evidence, that defendant poses a risk of flight, and there is no condition or combination of conditions that will reasonably assure the defendant's appearance at future court dates. Additionally, the government has satisfied the factors under *Nken*, for the motion to stay defendant's release pending appeal. For the reasons outlined above, the government respectfully requests that this Court affirm the stay order and grant the appeal and order the defendant detained pending trial.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/ Kaitlyn Macaulay*
Kaitlyn R. Macaulay
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: Kaitlyn.Macaulay@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

  X   ECF/Electronic filing
UNITED STATES ATTORNEY

By: */s/ Kaitlyn Macaulay*
        AUSA